BEFORE THE SECOND DIVISION, AUGUST 4, 1955

**No. 59242.**—Heemsoth Kerner Corporation *v.* United States, protest 196765–K (New York).

·LAWRENCE, Judge:   The proper classification of an article described in the record as "1 Intertype C· 3 Magazine Frame" is before the court for determination.

The collector of customs classified the importation as parts of machines, not specially provided for, within the purview of paragraph 372 of the Tariff Act of 1930 (19 U. S. C. § 1001, par. 372), as modified by the General Agreement on Tariffs and Trade (82 Treas. Dec. 305, T. D. 51802), and assessed duty thereon at the rate of 15 per centum ad valorem.

The protest of plaintiff presents two claims. The one relied upon is that the magazine frame in issue should have been given the benefit of entry free of duty, by virtue of the provision in paragraph 1643 of said tariff act (19 U. S. C. § 1201, par. 1643) reading as follows:

* * * all typesetting machines, * * *; all the foregoing whether in whole or part, including repair parts.

Although it has been alternatively claimed that the importation is entitled to free entry as merchandise the product of American manufacture, within the purview of paragraph 1615 of said act (19 U. S. C. § 1201, par. 1615), and counsel for plaintiff during the course of the hearing stated that said claim was not abandoned, no proof in support thereof having been offered to the court, it is overruled.

In addition to the testimony of one witness who appeared on behalf of the plaintiff, the following exhibits were received in evidence:

Plaintiff's exhibit 1—that part designated by the letter "A" on page 272 of an Intertype Frame and Accessories catalog.

Plaintiff's exhibit 2—a photograph of a typesetting machine of which the imported merchandise is a part.

Wilbert C. Dalton testified that he had been employed by the Intertype Corp. (the actual importer herein) for approximately 32 years; that the concern manufactures typesetting machines sometimes known as typecasting machines, composing machines, and slug or "linecasing" machines; that he is familiar with the manufacture of typesetting machines, has seen them in use, and has a knowledge of the parts that go into the composition of a typesetting operation. In his capacity as export manager, he testified to his familiarity with the merchandise in issue and stated that it covered one "Intertype C 3 Magazine Frame" returned from abroad as defective. When asked by the court to describe the merchandise, he stated—

Well, a Magazine Frame is a very essential part of our machine. It is used as a container or a track for what is known as a magazine which holds type or commonly known to the trade as matrices. A matrix to the average die man is a brass die also known as a type. It is a small piece of brass in which moulten metal is shot and therefore forming a line of type used in newspapers, magazines and so forth; in other words, commonly known as a die.

He added that it is a part of a typesetting machine. Referring to plaintiff's exhibit 1, he stated that the part thereof designated by the letter "A" correctly represents the imported merchandise. Upon being shown plaintiff's exhibit 2, a photograph of a typesetting machine, he designated the imported magazine frame with an arrow and the letter "B."

Dalton further testified that a typesetting machine cannot function without a magazine frame. In answer to a question by the court, the witness stated that the imported article has no other use whatsoever than as an essential and integral part of a typesetting machine.

At the conclusion of plaintiff's case, no further evidence was introduced. Counsel for the Government stated, however, that he had conferred with the customs examiner of the type of merchandise here under consideration and was informed by him that said merchandise would now be advisorily classified in paragraph 1643 as a part of a typesetting machine.

Upon the record before us, we hold that the magazine frame in controversy is properly classifiable as a part of a typesetting machine in paragraph 1643 of the Tariff Act of 1930 and is entitled to entry free of duty. That claim of plaintiff is, therefore, sustained.

Judgment will be entered accordingly.